**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **Joseph Wayne Chambless,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Adv. Proc. No. 08-00081 |
| | ) | |
| **Alabama Department of Human** | ) | |
| **Resources, and Jefferson County** | ) | |
| **Department of Human Resources,** | ) | |
| | ) | |
| **Defendants.** | ) | |

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **Joseph Wayne Chambless,** | ) | **CHAPTER 13** |
| | ) | **CASE NO. 08-00841-TOM** |
| **Debtor.** | ) | |

## MEMORANDUM OPINION

This matter having come before the Court for hearing on June 23, 2008 on the Motion to Dismiss filed by the State of Alabama Department of Human Resources (the "State Motion") (adv. proc. doc. no. 5[1]), the Motion to Dismiss filed by the Jefferson County Department of Human Resources (collectively with the State Motion, the "Motions to Dismiss") (adv. proc. doc. no. 6), the Response to the Motions to Dismiss (the "Response") (adv. proc. doc. no. 17) and the Reply to the Response (adv. proc. doc. no. 19). Counsel for the Debtor, the Debtor, and counsel for the Defendants appeared at the hearing. This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) & (G). The Court has considered the arguments of counsel, the pleadings and the law and finds and concludes as follows:

---

[1] References to pleadings filed in the adversary proceeding are referred to by "adv. proc. doc. no.", pleadings in the main case are referred to simply by "doc. no."

1

Findings of Fact[2]

On February 21, 2008, the Debtor filed for protection under Chapter 13, Title 11 of the United States Code. In the Debtor's schedules, the Debtor listed an unsecured, priority debt to DHR Jefferson County[3], on behalf of Pamela Pham, for back child support incurred in 1991 and listed Pamela Pham, for notification purposes only. On Schedule E, the Debtor listed a debt of $30,034.19 to DHR.

Contemporaneous with the filing, the Debtor filed a Chapter 13 Plan (the "Plan") (doc. no. 3) that proposed to pay DHR $556 per month beginning at confirmation. The confirmation hearing was set for May 1, 2008.

On February 25, 2008, DHR filed a priority claim for $30,339.92. On March 27, 2008, DHR offset certain state and federal tax refunds due the Debtor and applied the refunds to the principal owed on its claim. Following the offset, DHR amended its claim to reflect the credit and lowered the claimed amount to $29,886.92 noting on the claim "credit for involuntary lump sum amount" reflecting a payment of $453.00[4] from intercepted funds due to the debt on his state refund and applied it their claim.

Prior to confirmation, on April 9, 2008, the Debtor filed a complaint commencing this adversary proceeding and on May 15, 2008 (adv. proc. no. 13) filed an amended

---

[2] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to adversary proceedings in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052.

[3] The proper party is the State of Alabama Department of Human Resources ("DHR").

[4] If the Debtor contests DHR's claim, the proper remedy is an objection to claim that the Court will deal handle, if filed. In the Defendants' Motions to Dismiss, the Defendants assert that in cases where they intercept a tax refund, DHR amends its proof of claim. The Court notes that DHR's claim, claim no. 1, has been amended to account for the state refund intercepted (in the amount of $453.00) but it appears to the Court that the claim has not been amended to account for the $1,560.00 of federal funds intercepted.

2

complaint[5]. In the complaint, the Debtor asserts that he was entitled to a 2007 federal tax refund in the amount of $1,560.00 and a 2007 state tax refund in the amount of $453.00. As noted above, the funds were seized by DHR on March 27, 2008, post-petition, and applied to the principal owed by the Debtor for past due child support. The Debtor sought turnover of the property pursuant to 11 U.S.C. § 542. The complaint neither alleges a violation of the automatic stay nor cites to 11 U.S.C. § 362.

On May 6, 2008, an order (doc. no. 22) confirming the Plan was entered and provided for a monthly payment of $556.00 on the back child support. Additionally, the confirmation order specifically provided that the "provisions of this order and confirmation of the Debtor's plan shall NOT be deemed collateral estoppel or res judicata as to any issues that may have been plead [sic] or may arise in Adversary Proceeding 08-00081."

The Court currently has before it the Defendants' Motions to Dismiss[6], the Debtor's Response and DHR's Reply. At the hearing on these matters, held on June 23, 2008, no testimony was offered.

---

[5] The only change made to the amended complaint was the addition of certain parties on the notice list. The actual amended complaint is identical in all other respects to the original complaint. The amended complaint was withdrawn in the main case (doc. no. 25) but was never withdrawn in the adversary proceeding.

[6] Both Defendants allege that the Debtor did not comply with Rule 4 of the Federal Rules of Civil Procedure for perfecting service; however, prior to the June 23, 2008 hearing, service was properly perfected. The Court, therefore, need not deal with this issue as it is moot.

3

Conclusions of Law

In the instant proceeding, there are no genuine issues of material fact[7]. The facts set forth above are not disputed. The state and federal tax refunds were seized and applied to the Debtor's principal past-due child support. The only issues before this Court are legal in nature and relate to whether, despite the Debtor's lack of reference to the automatic stay and section 362, DHR violated the automatic stay by offsetting the refunds and whether the Debtor is entitled to turnover of funds offset from DHR. The Defendants assert that the Debtor failed to state a claim upon which relief can be granted and that the adversary proceeding is due to be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Bankruptcy Procedure, applicable to bankruptcy proceedings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

    A.    **Violation of the Automatic Stay**

Section 362(b)(2), which sets out exceptions to the automatic stay, was amended in 2005 pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act. Specifically, Section 362(b)(2)(F) provides an exception to the automatic stay for the "interception of a tax refund, as specified in sections 464 and 466(a)(3) of the Social Security Act or under an analogous State law."

Section 464 of the Social Security Act is codified in 42 U.S.C. § 664, Collection of past-due support from Federal tax refunds. Section 664 (a)(2) provides that: "Upon receiving notice from a State agency administering a plan approved under this part that a

---

[7] At the hearing, Debtor's counsel attempted to raise two factual issues. Namely, (1) that there was no proof that the proper notice was sent to the Debtor and (2) that there was no proof that the custodial parent had sought assistance from DHR. This information and the related documents were not sought during discovery and, regardless, do not relate to whether a violation of the automatic stay occurred or if turnover is proper. If the Debtor were to prove that the notice was either deficient or assistance had not been requested by DHR, the Debtor might have a cause of action for violation of the applicable statutes which does not affect the issues before the Court currently.

4

named individual owes past-due support which such State has agreed to collect under section 654(4)(A)(ii) of this title…the Secretary of Treasury shall determine whether any amounts, as refunds of Federal taxes paid, are payable to such individual…If the Secretary of Treasury finds that any such amount is payable, he shall withhold from such refunds an amount equal to such past-due support, and shall concurrently send notice to such individual that the withholding has been made, including in or with such notice a notification to any other person who may have filed a joint return with such individual of the steps which such other person may take in order to secure his or her proper share of the refund." The Debtor's argument that DHR is not allowed to intercept tax refunds unless the custodial parent is receiving family assistance is misplaced and relies on section 664(a)(1) without considering subsection (a)(2), cited above. From the language of the statute, it is clear that DHR can, and indeed is required to[8], intercept tax refunds in every child support case, regardless of whether family assistance has been received by the custodial parent.

Section 466(a)(3) of the Social Security Act deals with the requirements that the State put into place similar requirements for the interception of State tax refunds and is codified in 42 U.S.C. § 666.

Because the interception of a tax refund, state or federal, is excepted from the automatic stay pursuant to section 362(b)(2)(F), DHR has not violated the automatic stay.

### B. Turnover of Property

In the complaint, the Debtor seeks turnover to the chapter 13 Trustee all funds intercepted by DHR pursuant to section 542. Section 542(a) of the Bankruptcy Code provides that:

---

[8] See 42 U.S.C. §§ 652, 654(4)(A).

5

Case 08-00841-TOM13    Doc 26    Filed 07/02/08    Entered 07/02/08 09:10:32    Desc Main
Document      Page 5 of 7

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

In the complaint, the Debtor asserts that the federal and state tax refunds are property that the Trustee could use pursuant to section 363 and that the Debtor would provide adequate protection to DHR through the Debtor's chapter 13 Plan. The Debtor further alleges that the funds are necessary to an effective reorganization. These allegations, even if true, miss the point. DHR was authorized, and indeed required by statute, to intercept the tax refunds. The refunds were applied to a debt being paid through the Plan, thus reducing the Debtor's overall liability[9]. The Court cannot compel DHR to turnover property that is not subject to the automatic stay and that was properly setoff.

Based on the fact that DHR's interception of the Debtor's state and federal tax refund does not violate the automatic stay and the fact that the Debtor is not entitled to turnover of the intercepted funds, the Motions to Dismiss are due to be granted. The Debtor has failed to state a claim upon which relief can be granted. Dismissal is therefore appropriate pursuant to Rule 12(b)(6) of the Federal Rules of Bankruptcy Procedure, applicable to bankruptcy proceedings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure.

---

[9] To avoid this outcome, the Debtor could reduce his withholdings to better align his actual tax liability with his withholdings reducing his refunds and reducing the funds that DHR is entitled to intercept. The Court, however, does not understand why the Debtor is challenging the intercept. The intercepted funds were applied to reduce the Debtor's principal obligation. Past-due child support accrues interest at 12% per annum and is not dischargeable. ALA. CODE § 8-8-10 (1975); 11 U.S.C. § 523(a)(5). Why the Debtor would not want past-due child support paid down as quickly as possible, thus reducing the interest that is accruing at 12%, is unknown to the Court.

6

A separate order, consistent with this Memorandum Opinion, and pursuant to Rule 9021 of the Federal Rules of Bankruptcy Procedure, will be entered.

Dated this the 2nd day of July, 2008.

/s/ Tamara O. Mitchell
United States Bankruptcy Judge